UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA GARCIA, on behalf of S.S.,<br><br>                                  Plaintiff,<br><br>                  -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                  Defendant. | 22-CV-7170 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, Samantha Garcia, a Bronx, New York resident appearing *pro se*, brings this action on behalf of her minor child S.S. under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final administrative decision of the Commissioner of Social Security. By order dated August 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff uses the Administrative Office of the Courts general complaint form for actions seeking review of a Social Security Disability or Supplemental Security Income Decision. Plaintiff checks boxes on the form to indicate that she is asserting a Disability Insurance Benefits Claim, a Supplemental Security Income Claim, and a Child Disability Claim. (*See* ECF 2, at 2.) In the "Statement of Claim" section of the form, Plaintiff checks the box to allege that the Commissioner's decision was based on legal error, and writes, "[A]fter submitting various medical documents and also doing appeals since 2017 they are still refusing to grant me benefits for my child." (*Id.* at 3.) Plaintiff does not state when she received notice of the Commissioner's final decision and she does not attach a copy of the Commissioner's decision or a copy of the notice from the Social Security Appeals Council stating that her appeal was denied.

## DISCUSSION

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g).[1] If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security ("Commissioner"). The

---

[1] Plaintiff's claims under Section 1383 are subject to the same procedures for judicial review as the Commissioner's final decisions under Section 405(g). *See* 42 U.S.C. § 1383(c)(3).

second is the requirement that the administrative remedies of the Social Security Administration ("SSA") be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted and the plaintiff may seek review of that decision in a federal district court.[2]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Plaintiff's complaint does not allege sufficient facts to suggest that Plaintiff has exhausted her administrative remedies or received a final decision from the Commissioner regarding her claims for benefits. She states that she "has been doing appeals since 2017," but she does not provide the dates her appeals were decided and she does not attach a copy of the notice from the

---

[2] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

Appeals Counsel denying her appeal. Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under Section 405(g) to hear her claims, her complaint cannot proceed at this time.

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the viability of Plaintiff's claims is not clear, the Court grants Plaintiff leave to amend her complaint to show that she exhausted her administrative remedies with the SSA before filing this action in federal court, or to set forth facts showing that her failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claim. Using the complaint form for actions brought under 42 U.S.C. § 405(g), Plaintiff must:

a) provide the date of the ALJ's decision;

b) provide the date of the Appeals Council letter;

c) provide the date she received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to his amended complaint.

If Plaintiff has not exhausted her administrative remedies, she must include facts showing that her failure to exhaust her administrative remedies should be excused. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7170 (LTS). An Amended Social Security Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the action for failure to exhaust Choose an item. administrative remedies, without prejudice to file a new action after Plaintiff has exhausted

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 6, 2022
          New York, New York

           /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
                                                :
_____ :
                                                :
(Your Name & Social Security Number)            :        **AMENDED**
                                                :
                Plaintiff,                      :        **COMPLAINT**
                                                :
        -against-                               :   ____ **Civ.** _____ (____)
                                                :
COMMISSIONER OF SOCIAL SECURITY,                :
                                                :
                Defendant.                      :
_____X

Plaintiff respectfully alleges:

1.  This is an action seeking court review of the decision of the administrative law judge pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383(c)(3).

2.  Plaintiff resides at_____

_____

3.  Defendant is the Commissioner of Social Security.

4.  Plaintiff became entitled to receive disability insurance benefits and/or Supplemental Security Income benefits because of the following disability_____

_____

_____

5.  The disability began on this date _____.

6.   That the Bureau of Disability Insurance of the Social Security Administration disallowed plaintiff's application upon the ground that plaintiff failed to establish a period of disability and/or upon the ground that plaintiff did not have an impairment or combination of impairments of the severity prescribed by the pertinent provisions of the Social Security Act to establish a period of disability or to allow disability insurance benefits or Supplemental Security Income benefits.

7.   Subsequent thereto, plaintiff requested a hearing, and on _____[date of hearing], a hearing was held which resulted in a denial of plaintiff's claim on _____ [date of administrative law judge decision].

8.   Thereafter, plaintiff requested review by the Appeals Council, and after its consideration, the decision of the administrative law judge was affirmed on _____ [date of Appeals Council letter].   Plaintiff received this letter on _____, thereby making the administrative law judge's decision the "final decision" of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g)and/or §1383(c)(3). **IMPORTANT:  ATTACH A <u>COPY</u> OF THE APPEALS COUNCIL LETTER TO THE BACK OF THIS COMPLAINT.**

9.   The decision of the administrative law judge was erroneous, not supported by substantial evidence on the record, and/or contrary to the law.

**WHEREFORE**, plaintiff respectfully prays that:

(a)     A summons be issued directing defendant to appear before the Court;

2

(b)     Defendant be ordered to submit a certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based;

(c)     Upon such record, this Court should modify the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, retroactive to the date of the initial disability, or in the alternative, remand to the Commissioner of Social Security for reconsideration of the evidence; and,

(d)     For such other and further relief as may be just and proper.


Dated: _____          _____
                                      Plaintiff's Signature

                                      _____
                                      Area Code and Telephone

Rev.11/2010