UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA GARCIA, ON BEHALF OF S.S.,

                 Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

22-CV-7170 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Samantha Garcia, who is appearing *pro se*, brings this action on behalf of her minor child S.S. By order dated September 17, 2022, the Court granted Plaintiff 60 days' leave to file an amended complaint showing that she exhausted her administrative remedies with the Social Security Administration ("SSA") before filing this action in federal court, or to allege facts showing that her failure to exhaust administrative remedies should be excused. (ECF 5.) On October 24, 2022, Plaintiff submitted a letter seeking an extension of time to file an amended complaint because she was waiting on the SSA to send her copies of the "final order & decision" in her son's case. (ECF 6.) By order dated October 25, 2022, the Court granted Plaintiff a 30-day extension to file an amended complaint. (ECF 7.)

      On November 14, 2022, Plaintiff filed another letter seeking an extension of time to file an amended complaint. (ECF 8.) In her letter, Plaintiff states that she is "having the hardest time ever with the SSA sending [her] copies of [her] son['s] documents." (ECF 8.) She also states that she has been "appealing [her] son['s] case since [O]ct of 2017." (*Id.*)

      The Court grants Plaintiff's request for an extension of time. The Court notes, however, that Plaintiff does not need to provide copies of documents in her son's case to satisfy the Court's instructions in the order to amend.

As stated in the order to amend, the Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security ("Commissioner"). The second is the requirement that the administrative remedies of the SSA be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted and the plaintiff may seek review of that decision in a federal district court.[1]

In its order to amend, the Court determined that the complaint's sole allegation regarding exhaustion – that Plaintiff "has been doing appeals since 2017" (ECF 2, at 3) – was not sufficient to show that Plaintiff has exhausted her administrative remedies or received a final decision from the Commissioner regarding her claims for benefits. Accordingly, the Court directed Plaintiff to file an amended complaint alleging facts suggesting that she has exhausted her administrative remedies. Attaching copies of the decisions in her son's case is one way that Plaintiff may show exhaustion, but it is not the only way. Alternatively, Plaintiff could simply provide the Court with

---

[1] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

the date on which the ALJ denied her claims, the date the Appeals Council affirmed the ALJ's decision, and/or the date on which Plaintiff received the Appeals Council's letter, even if the dates are approximate. Plaintiff may also be able to demonstrate that she exhausted her administrative remedies by alleging additional facts describing what she means when she says that she has been appealing her case "since 2017." For example, Plaintiff should allege whether she pursued the administrative review and appeals processes described above. If Plaintiff has not exhausted her administrative remedies, she should allege any facts demonstrating that the failure to exhaust should be excused.

Plaintiff must submit the amended complaint within 30 days of the date of this order. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the action without prejudice to Plaintiff filing a new action after she has exhausted her administrative remedies. No further extensions will be granted.

For Plaintiff's convenience, an Amended Social Security Complaint form is attached to this order. Plaintiff may wish to consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available only by telephone.

## CONCLUSION

The Court grants Plaintiff's request for an extension of time to file an amended complaint. Plaintiff is directed to submit an amended complaint within 30 days of the date of this order. No further extensions will be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 16, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
                                       :
_____ :
(Your Name & Social Security Number)   :         AMENDED
                                       :
           Plaintiff,                  :         COMPLAINT
                                       :
        -against-                      :    ____ Civ. _____ (___)
                                       :
COMMISSIONER OF SOCIAL SECURITY,       :
                                       :
           Defendant.                  :
_____X
```

Plaintiff respectfully alleges:

1. This is an action seeking court review of the decision of the administrative law judge pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383(c)(3).

2. Plaintiff resides at_____

_____

3. Defendant is the Commissioner of Social Security.

4. Plaintiff became entitled to receive disability insurance benefits and/or Supplemental Security Income benefits because of the following disability_____

_____

_____

5. The disability began on this date _____.

6. That the Bureau of Disability Insurance of the Social Security Administration disallowed plaintiff's application upon the ground that plaintiff failed to establish a period of disability and/or upon the ground that plaintiff did not have an impairment or combination of impairments of the severity prescribed by the pertinent provisions of the Social Security Act to establish a period of disability or to allow disability insurance benefits or Supplemental Security Income benefits.

7. Subsequent thereto, plaintiff requested a hearing, and on _____[date of hearing], a hearing was held which resulted in a denial of plaintiff's claim on _____ [date of administrative law judge decision].

8. Thereafter, plaintiff requested review by the Appeals Council, and after its consideration, the decision of the administrative law judge was affirmed on _____ [date of Appeals Council letter].  Plaintiff received this letter on _____, thereby making the administrative law judge's decision the "final decision" of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g)and/or §1383(c)(3). **IMPORTANT:  ATTACH A <u>COPY</u> OF THE APPEALS COUNCIL LETTER TO THE BACK OF THIS COMPLAINT.**

9. The decision of the administrative law judge was erroneous, not supported by substantial evidence on the record, and/or contrary to the law.

**WHEREFORE**, plaintiff respectfully prays that:

(a)  A summons be issued directing defendant to appear before the Court;

2

(b)    Defendant be ordered to submit a certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based;

(c)    Upon such record, this Court should modify the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, retroactive to the date of the initial disability, or in the alternative, remand to the Commissioner of Social Security for reconsideration of the evidence; and,

(d)    For such other and further relief as may be just and proper.

Dated: _____           _____
                                        Plaintiff's Signature

                                        _____
                                        Area Code and Telephone

Rev.11/2010

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

